FILED

NOT FOR PUBLICATION

JUN 06 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUBEN DE LA PENA,

Defendant-Appellant.

No. 12-10179

D.C. No. 3:10-cr-142-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, Chief District Judge, Presiding

Argued and Submitted April 18, 2013
San Francisco, California

Before: GRABER and CHRISTEN, Circuit Judges, and TUNHEIM, District
Judge.[**]

Defendant Ruben De La Pena appeals the district court's denial of his

motion to suppress evidence gathered as a result of a traffic stop.  We review

de novo a district court's denial of a motion to suppress evidence and a district

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

court's determination that reasonable suspicion existed to justify an investigatory traffic stop. United States v. Palos-Marquez, 591 F.3d 1272, 1274 (9th Cir. 2010).

As an initial matter, we conclude that the district court properly rejected De La Pena's argument that the stop involved a mistake of law. This case does not involve a mistake of law because the Trooper was correct that driving a car with license plates that do not match the registration is a statutory violation. See Nev. Rev. Stat. § 482.545(2). Rather, this case involves a mistake of fact because it later became apparent that the license plates actually matched De La Pena's car despite the dispatcher reporting to the Trooper that there was no match. See United States v. Garcia-Acuna, 175 F.3d 1143, 1146-47 (9th Cir. 1999) (upholding a stop that was premised in part on an erroneous report that the license plates did not match the vehicle). However, for the reasons below, we vacate De La Pena's conviction and remand.

De La Pena contends on appeal that the stop was invalid because the Trooper caused the dispatcher to find "no match" by calling in the wrong vehicle make and model. Where an appellant challenges a district court's ruling on a ground not raised in the district court, we review for plain error. United States v. Romm, 455 F.3d 990, 1003 (9th Cir. 2006). Under the plain error standard, we may reverse if (1) there is an error, (2) the error is obvious under current law,

(3) the error effects the appellant's substantial rights, and (4) "leaving the error uncorrected would seriously affect the fairness, integrity or public reputation of judicial proceedings." See id. (alternations and internal quotation marks omitted).

We conclude that the district court committed plain error by failing to consider whether the Trooper's mistaken factual belief was held reasonably and in good faith. After correctly finding that there was no mistake of law, the district court stated that "the fact that there's a mistake does not erase the fact that there was reasonable suspicion." However, if an officer stops a vehicle based on a mistake of fact, the stop complies with the Fourth Amendment only if the mistaken belief was "held reasonably and in good faith." United States v. Twilley, 222 F.3d 1092, 1096 n.1 (9th Cir. 2000).

The district court appeared to treat its rejection of De La Pena's mistake of law argument as dispositive, which was error. Further, the evidence elicited below at least cast doubt on the reasonableness and good faith of this stop. For example, the dispatcher testified that the information about the silver Honda would have come from the Trooper, but the segment of the audio tape incorporated into the record on appeal does not include the Trooper providing this information, and the Trooper's supplemental report mentioned a flapping bumper that was not corroborated by the physical evidence. In light of this evidence, the absence of a

3

finding that the Trooper's mistake was reasonable and made in good faith was plain error under current law. Additionally, the error affected De La Pena's substantial rights because, had the district court found that the Trooper's mistake was made unreasonably or in bad faith, the evidence gathered at the stop, which formed the basis for De La Pena's conviction, would have been suppressed. Finally, leaving this error uncorrected would mean that the Trooper's conduct will not be properly scrutinized, which would undermine the integrity and public reputation of these proceedings.

Because we are unable to make a finding as to whether the Trooper acted reasonably and in good faith on this record, we vacate De La Pena's conviction and remand to the district court to determine whether the Trooper's mistaken belief that the license plate did not match the vehicle was held reasonably and in good faith.

**VACATED and REMANDED.**